Filed June 21, 1890.

---

No. 15,562.

## WOODWARD *v.* MURDOCK.

CONVICT.—*Parole.*—*Violation of Conditions.*—*Pardon.*—*Credit for Good Conduct.*—*Release.*—*Prisoner When Entitled to.*—On the 25th of May, 1885, the appellant was sentenced to imprisonment for a term of five years. On the 17th of March, 1888, he was released from imprisonment on parole, but was recommitted to prison October 21st, 1889, at the command of the Governor, for a violation of the terms of the parole. Un-

der the act allowing convicts good time the prisoner would have been entitled to his release on December 12th, 1889.

*Held,* that the parole by the Governor did not have the effect of an unconditional pardon, but was a mere parole, and that upon a violation of its conditions, which the prisoner had accepted, and which made the Governor the sole judge of the breach of the parole, the Governor had the power to order his recommitment to prison.

*Held,* also, that under section 1, Acts 1883 (Elliott's Supp., section 2026), allowing convicts credit for good time, the prisoner was not entitled to credit for good time during his absence on parole.

*Held,* also, that the prisoner was entitled to his discharge at the expiration of the time for which his sentence ran, less the time for which he was entitled to credit as good time earned, although for a part of the time covered by the sentence he was absent on parole, the conditions of which he violated.

From the La Porte Circuit Court.

*W. W. Herod* and *W. P. Herod,* for appellant.

*L. T. Michener,* Attorney General, *J. W. Crumpacker* and *J. H. Gillett,* for appellee.

BERKSHIRE, C. J.—The facts presented by the record in this case are as follows:

On the 25th day of May, 1885, the appellant was sentenced by the judgment of the Marion Criminal Court on a charge of embezzlement to imprisonment in the northern penitentiary of the State for a term of five years from that date; he was immediately conveyed to the prison and continued as an inmate thereof until the 17th day of March, 1888, at which time he received a parole from the Governor of the State. In accordance with said parole the appellant was relieved from imprisonment in said prison and remained away therefrom until the 21st day of October, 1889, when at the command of the Governor he was again remanded to said prison and has continued as an inmate thereof since that time; the cause of his re-imprisonment, as asserted by the Governor, being a violation of the conditions on which he was paroled. From the time of his imprisonment to the date of his parole the appellant had earned good time equal

Woodward v. Murdock.

to five and thirteen-thirtieths months under the provisions of section 1 of the act of 1883, found in Elliott's Supple-. ment as section 2026, and had he continued an inmate of said prison during the time he was out on parole he would have been entitled to a final release on the 12th day of December, 1889, and before the beginning of this proceeding, as it is not claimed that he had forfeited any part of said good time as provided in section 2 of said act.

The following propositions arise for our consideration and determination:

1. Was the appellant entitled to credit for good time during his absence from the prison in addition to that earned while an inmate of the prison?

2. What was the effect of the parole issued by the Governor? Was it, in contemplation of law, an unconditional. pardon, or what it purported and was intended to be, a mere parole? And if but a parole, was the appellant subject to re-imprisonment at the will of the Governor without a hearing before some judicial tribunal?

3. Was the appellant entitled to his final release at the expiration of five years less the time for which he had credit because of good time to his credit?

It is very clear, we think, that the appellant could not earn good time while away from the prison. The right to credit for good time is purely a statutory right, and can only be acquired in the manner and under the circumstances pointed out by the statute. The language of the statute is, "That every convict who is now in, or may hereafter be confined, in the penitentiaries of the State of Indiana, * * and who shall have no infractions of the rules or regulations of the prisons or laws of the State recorded against him, and who performs in a faithful manner the duties assigned him," etc. It is only necessary to say that the language of the statute forbids its application to a prisoner when out of prison on parole.

A prisoner can not be out of prison and at the same time

confined in prison; and when out of prison he can have no infractions of the rules and regulations of the prison recorded against him, nor can duties be assigned to him as a prisoner.

It is contended on the part of the appellant that the Governor's parole had the same legal effect as an unconditional pardon, and, therefore, that his arrest and imprisonment thereafter were without authority of law. We can not agree to this contention.

Under the Constitution of our State the pardoning power is vested in the Governor, subject to such rules and regulations as may be made by law. Section 17, article 5.

The legislative department has not legislated on the subject, and it therefore follows that the power of the Governor in this direction is supreme.

Having unlimited power he may grant paroles, conditional pardons and unconditional pardons. If this were not so his power would not be unlimited.

We understand it to be a rule that is axiomatic, that when a governmental department is given unlimited power in a particular direction, it may exercise such power in a greater or less degree, as to it may seem best. But were the power of the Governor limited to the right to grant unconditional pardons, the cause of the appellant would not be helped, for in that case the action of the Governor in granting a parole was unauthorized and ineffectual, and the appellant was, in contemplation of law, absent from the prison without leave; his absence amounted to an escape, and he was subject to be captured at any time by any person.

The appellant did not receive the parole as of right, but as a matter of grace, and hence it extended no further than its terms indicated, and the appellant received it subject to all of the conditions which it imposed.

The conditions of the parole are as follows: " This parole is granted upon the express condition that the prisoner be of good conduct, not violate the law, and that upon his dis-

charge from prison he shall leave and remain out of the State during the time for which he was sentenced, and the Governor shall be the sole judge of any violation of said condition, and reserves the right to revoke the same at any time upon either of the above conditions becoming broken. The prisoner, before his release, shall endorse on this parole his acceptance of the same upon the conditions therein stated." And in accordance with said last requirement the appellant executed his acceptance of all the said conditions by endorsement on the back of said parole as follows :

" I herewith accept the written conditions of this parole, this 17th day of March, 1888.

" JOHN T. WOODWARD."

The appellant, as well as the Governor, recognized the act of the latter as but the granting of a parole.

As we have already said, the Governor had authority to grant the parole, but as he did it as a matter of grace, and not as a duty, it was his right to impose such conditions as he saw proper, and when the appellant accepted it he, by implication, as well as by express agreement, did so subject to all of its terms and conditions.

We have examined the following authorities cited by the Attorney General, and find them pertinent : *Ex Parte Wells,* 18 How. 307 ; *United States* v. *Wilson,* 7 Pet. 149 ; cases cited on page 481 of 6 Crim. Law Mag. ; *State* v. *Smith,* 1 Bailey Law (S.C.) 283 (19 Am. Dec. 679) ; *Ex Parte Lockhart,* 1 Disney (Ohio), 105 ; *State* v. *Fuller,* 1 McCord (S. C.), 178 ; *Flavell's Case,* 8 Watts & S. 197 ; *Arthur* v. *Craig,* 48 Iowa, 264.

Under the circumstances, the appellant was at large merely at the will of the Governor.

The Governor had it in his power to order the appellant to prison at any time.

In *Turner* v. *Wilson,* 49 Ind. 581 (586), BIDDLE, J., said : " In the quaint language of the old books, ' the bail have their principal always upon a string, and may pull the string

whenever they please, and render him in their own discharge.' ''

This quotation expresses exactly the relation which the appellant occupied to the Governor.

We think the appellant was entitled to his discharge at the expiration of five years from the date of his sentence less the time for which he was entitled to credit as good time earned.

During the time that he was out on parole he was not a free citizen; he was, as we have seen, still a prisoner, and notwithstanding his prison bounds were not so contracted as were the prison bounds of the insolvent debtor, at the time our laws recognized imprisonment for debt, still he was given prison bounds. He was not permitted to come into the State of Indiana. All the consequences of the judgment were upon him, except that he had leave of absence from the prison. As the appellant was a prisoner absent from the prison by proper authority, under no view of the case, in our opinion, could his imprisonment be continued longer than the period for which he was sentenced less his credit for good time. But if the appellant is to be regarded as having been a free man during the time he was out of prison on parole, he was entitled to his release at the time this proceeding was instituted. It was only by virtue of the judgment of the Marion Criminal Court that the appellant was held as a prisoner; it by its very terms only condemned him for five years from its date less any time for which under the law he might be entitled to credit. See, also, section 6134, R. S. 1881. The law allowing him credit for good time entered into the judgment as if written therein, and, therefore, by the very language of the judgment the appellant's time expired on the 13th of December, 1889.

The appellant could not extend the time of his imprisonment by contract with the Governor any more than he could have become a prisoner in the first instance by contract. It is only by virtue of the judgment of a court of competent

jurisdiction that a citizen can be condemned to imprisonment, and when the time expires for which the sentence runs, as given in the judgment, the prisoner is entitled to his discharge. This is not a new question in this court. See *Flora* v. *Sachs*, 64 Ind. 155. See article 5 of the Constitution of the United States.

The judge should have sustained the exceptions to the return.

Under the facts as presented by the record, the appellant was entitled to his discharge.

Judgment reversed, with costs.

