Ex parte MOEBUS.

(Circuit Court, D. New Hampshire.   March 31, 1905.)

No. 527.

1. FEDERAL COURTS—HABEAS CORPUS—REGULARITY OF EXTRADITION PROCEEDINGS.

   A petition for a writ of habeas corpus *held* not to state a case for federal interference on the ground of irregularity in extradition proceedings, in view of the rule of the Supreme Court that a large measure of credence and conclusiveness must be accorded to proceedings before the Governor in such cases.

2. EXTRADITION—ESCAPED PRISONER—LAPSE OF SENTENCE.

   A convict who escapes before the completion of his term of imprisonment is not entitled to an allowance of the time while he is so at large on his sentence, and lapse of time will not affect its validity and effectiveness as a basis for extradition proceedings.

3. FEDERAL COURTS—HABEAS CORPUS FOR STATE PRISONER—SUFFICIENCY OF PETITION.

   A petition for a writ of habeas corpus, which shows on its face that the petitioner, since his extradition from another state, has been confined

in a penitentiary for five years upon no other process of commitment than the Governor's warrant, states a case of deprivation of rights under the Constitution of the United States, which authorizes and requires a federal court to take jurisdiction.

Habeas Corpus. On motion to dismiss petition.

Fremont E. Shurtleff, for petitioner.

Edwin G. Eastman, Atty. Gen. of New Hampshire, for respondent.

ALDRICH, District Judge. Under this second petition of a person claiming to be Henry E. Moebus for a writ of habeas corpus, to which there is a motion to dismiss on the ground that no questions for the federal courts are involved, and upon the ground of want of jurisdiction, three questions are presented, viz.: That extradition was improperly influenced by an obsolete indictment on which an individual named Max Shinburn had already been tried and convicted; that the extradition was irregular and contrary to law; that the petitioner has illegally been confined in the New Hampshire State Prison since November, 1900, in violation of the Constitution of the United States, and solely on the alleged authority of a writing, a copy of which is attached to the petition and marked "Exhibit A."

The hearing so far is only preliminary, the Attorney General of New Hampshire appearing specially, without prejudice, for the warden of the State Prison, for the purpose of raising the question of jurisdiction. In the present aspect, I can only consider what is presented upon the face of the petition.

In view of the case of Munsey v. Sheriff of Merrimac County (decided January 30, 1905, by the Supreme Court of the United States) 25 Sup. Ct. 282, 49 L. Ed. ——, which accords a large measure of credence and conclusiveness to proceedings before the Governor in matters of extradition, upon the ground that such proceedings are summary in their nature and that the person demanded has no constitutional right to be heard before the Governor, who must decide upon such evidence as is satisfactory to him whether the person demanded has been substantially charged with the crime and whether he is a fugitive from justice, I conclude that, so far as alleged irregularities in the extradition proceedings are concerned, the petition before me does not state a case for federal interference upon that ground.

Under the allegation as to the obsolete indictment, the question is raised in argument whether a sentence of ten years, imposed upon one Max Shinburn, prior to 1866, who illegally escaped before the expiration of the term of the sentence, is so obsolete that it should be treated as lapsed. I do not consider that the petition so far raises this question as to require an authoritative decision. The informal suggestion of the Attorney General, however, is that the petitioner is in fact Max Shinburn, and that he is being held to serve out an unexpired sentence, from which he escaped in 1866, and which was imposed upon a proper conviction in a regular proceeding prior thereto, while counsel for the petitioner contends

that the petitioner is not Max Shinburn, and, if he were, that the sentence has lapsed, and that the law would not warrant his present confinement.  I am asked by both sides to pass upon this question, and I do so only to the end that it shall be understood that I do not take jurisdiction of the case and direct further proceedings upon that ground.

I see no reason, upon principle or authority, why an escaped convict should be allowed time on the sentence while illegally at large upon unlawful escape, and the order requiring the warden to answer is in no way influenced by the idea that the unserved sentence imposed upon Max Shinburn has lapsed.  Rex v. Ratcliffe, 18 How. St. Tr. 429; 1 Hale, P. C. 602; 1 Russell on Crimes, 453; Cleek v. Commonwealth, 21 Grat. 777; People v. Kuhn, 67 Mich. 539, 35 N. W. 88; Ex parte Clifford, 29 Ind. 106; Woodward v. Murdock, 124 Ind. 439, 24 N. E. 1047.

Looking at the petition as a whole, and considering the exhibit which is included as a part thereof, the substantial allegation is that the petitioner was extradited from the state of New York in 1900 upon an executive warrant, and that he has been kept in confinement in the New Hampshire State Prison by its warden, Mr. Cox, since the 8th day of November, 1900, solely under the Governor's warrant, and that such restraint of liberty is in violation of the Constitution of the United States.  This allegation under oath, according to the provision of the federal statutes, must be accepted as so far stating a situation in which a person is deprived of his liberty without due process of law as to justify a federal court in requiring the respondent to answer and set out the process under which the person is held.  Under the circumstances of this case, we can only look to the face of the petition, and, as said by the Supreme Court in Ex parte Royall, 117 U. S. 241, 250, 6 Sup. Ct. 734, 739, 29 L. Ed. 868:

"Undoubtedly the writ should be forthwith awarded, 'unless it appears from the petition itself that the party is not entitled thereto.' "

Even under the authority of this case, I do not propose to order the writ under present conditions, but do feel constrained to direct that the warden of the State Prison state by way of answer or return under what process the petitioner, calling himself Henry E. Moebus, is held.

Since Ex parte Royall, 117 U. S. 241, 245-50, 6 Sup. Ct. 734, 29 L. Ed. 868, and the statutes to which that case refers, there can be no question of the power of the Circuit Court to grant writs of habeas corpus to persons in jail or in prison, restrained of liberty in violation of the federal Constitution, and if a question like that presented in the Slaughter-House Cases, 16 Wall. 37, 21 L. Ed. 394, and that presented in Davidson v. New Orleans, 96 U. S. 97, 24 L. Ed. 616, are federal questions as to due process of law in respect to property, and a question as to the regularity of a trial for murder in a state which has abolished the grand jury (Hurtado v. People of California, 110 U. S. 516, 4 Sup. Ct. 111, 28 L. Ed. 232), and one relating to the regularity of a criminal trial by a state

panel of 8 jurors, rather than by a jury of 12 persons, are federal questions of due process in respect to life or liberty (Thompson v. Utah, 170 U. S. 349, 18 Sup. Ct. 620, 42 L. Ed. 1061), it must follow that an allegation of confinement in a state prison for a substantial period, like five years, upon no process whatever other than an executive warrant, presents a federal question, which calls for interference, at least to the extent of requiring the person against whom the restraint is alleged to answer.

Motion to dismiss denied. The warden of the State Prison is required to answer and show cause why the writ should not issue. If counsel do not agree upon the time in which this should be done, I will fix a time upon application of either party.