DOWD, WARDEN v. JOHNSTON.

[No. 27,762. Filed April 22, 1943.]

George N. Beamer, Attorney General, Norman E. Duke and Obed T. Kilgore, Deputy Attorneys General, for appellant.

Oscar B. Thiel, of Gary, for appellee.

O'MALLEY, J.—On July 30, 1941, the appellee filed his complaint for writ of *habeas corpus* in the LaPorte Circuit Court. The complaint was in two paragraphs. The first paragraph was based upon the "Good Time Law" of 1883, being Acts 1883, ch. 131, p. 191; and the second paragraph was based on the law of 1933, being Acts 1933, ch. 164, §§ 1, 2, 3, p. 858, §§ 13-116, 13-117, 13-118, Burns' 1942 Replacement, §§ 13560, 13561, 13562, Baldwin's 1934.

The court sustained the motion to quash the first paragraph of complaint and overruled the motion to quash as to the second paragraph thereof. Thereupon the appellant filed a return to the second paragraph of complaint, and to this the appellee filed exceptions. After argument the court sustained the exceptions to the return, and the appellant refusing to plead further, the court entered judgment discharging the appellee.

From this judgment the appellant has appealed to this court and has assigned as error:

1. Overruling the motion to quash.

2. Sustaining exceptions to the return.

3. Making the writ absolute and discharging the appellee from custody.

The appellee has assigned cross-errors on the sustaining of the motion to quash the first paragraph of the complaint, which was based upon ch. 131 of the ■ Acts of 1883. In the case of *Daly* v. *Carr* (1934), 206 Ind. 554, 557, 190 N. E. 429, 430, this court, in discussing ch. 131 of the Acts of 1883, said:

"The law of 1883 is not re-enacted as a part of the Act, though within its purview, and, therefore, by the express provision of the repealing clause, and by all of the rules of construction, it must be deemed repealed."

The "Good Time Law" of 1883 thus having been distinctly held to be repealed, the cross-errors assigned by the appellee need not be further considered.

The appellant complains of the overruling of the motion to quash the second paragraph of the petition, but the same question is presented in the sustaining of exceptions to the return, which in effect is the same as a demurrer to a complaint, and the only way of questioning its sufficiency. *McGlennan* v. *Margowski* (1883), 90 Ind. 150, 153, § 3-1915, Burns' 1933, § 1031, Baldwin's 1934.

To determine the sufficiency of the exceptions to the return, it is only necessary to construe the "Good Time Law" of 1933. When that statute is construed, it will determine whether or not the court erred in sustaining the exceptions.

In construing a statute it is necessary to consider the whole act and all other law relating thereto, and, if possible, give effect to it in all its parts. ■ *Huff* v. *Fetch* (1924), 194 Ind. 570, 143 N. E. 705.

Furthermore that construction should be favored which grants equality of rights and which is against

restrictions of liberty. *Helms* v. *American Security Co.* (1939), 216 Ind. 1, 6, 22 N. E. (2d) 822, 824; *In re Petition of Leach, Ex Parte* (1893), 134 Ind. 665, 671, 34 N. E. 641, 642, 21 L. R. A. 701, 706.

When a statute is doubtful or ambiguous, the title thereof may be a guide. *Garrigus et al.* v. *The Board of Commissioners of Parke County* (1872), 39 Ind. 66.

In *McNamara* v. *State* (1932), 203 Ind. 596, 601, 181 N. E. 512, 514, this court said:

"In construing a statute, a court will not only look to the particular words used to ascertain the intent of the Legislature, but will also consider the title of the act, . . ."

The construction that should be given to a statute is one that will accomplish the intent of the Legislature, even though such construction might be contrary to the strict letter thereof. *Northern Ind. R. Co.* v. *Lincoln Nat. Bank* (1911), 47 Ind. App. 98, 107, 92 N. E. 384, 387.

The first section of the statute under consideration creates a doubt as to whether or not "good time" can be considered earned by an inmate until the end of the minimum term. The second section clearly contemplates "good time" as earned for each inmate as and from the time of entrance, and provides a method by which the inmate may be deprived of any "good time" earned, if any infraction of the rules or regulations is knowingly made.

The table for "good time" which is set forth as a part of the first section would indicate that all inmates earned "good time," unless and until an infraction is committed and the same is lost by reason thereof.

The intent of the Legislature, as gathered from the

whole act, was to grant to each and every inmate, the opportunity to lessen the time of incarceration, and thus to improve the morale and well-being of each inmate in each institution.

If this court were to adopt the literal construction of the first section, then in that event an inmate sentenced for a determinate period of ten years, or any other definite time, might, by an infraction of the rules of the institution on his first day, become absolutely barred from any "good time," regardless of whether or not he carefully and conscientiously obeyed every rule and order given him subsequent to that first day and that first infraction, and regardless of how trivial the infraction might be. That construction would not only be harsh but it would not conform to the true intent and purpose of the Legislature.

The appellee entered the prison in 1928 on a determinate sentence of fifteen (15) years. By action of the warden, and with the consent and authority of the board of trustees, he was deprived of all "good time" earned up to August 31, 1935. However, from that time, up to the time of trial, no infraction of the rules was charged against him. During that period he earned sufficient "good time" to entitle him to his liberty, if under those circumstances, he could earn "good time." While a literal construction of the first section of the act would deny this privilege, we feel that the intent of the Legislature was otherwise. The lower court correctly found that the return of the appellant was not sufficient to defeat the application of the appellee, for his freedom.

The court did not err in sustaining the exceptions to the return of appellant, and the judgment of the LaPorte Circuit Court is affirmed.

NOTE.—Reported in 47 N. E. (2d) 976.