BOYD *v.* HOWARD, WARDEN

[No. 28,201.  Filed October 3, 1946.]

*Frank L. Greenwald,* of Gary, for appellant.

*James A. Emmert,* Attorney General, *Frank E. Coughlin,* First Assistant Attorney General, and *Forrest W. Lacey, Jr.,* Deputy Attorney General, for the State.

O'MALLEY, J.—The appellant commenced this action in the LaPorte Superior Court in an effort to secure the issuance of a writ of *habeas corpus.* The issues were formed on the petition and a return filed by the appellee.

The facts disclose without dispute that the appellant on May 10, 1933, was sentenced to the Indiana State Prison for a determinate term of 20 years; that he was released on parole on March 15, 1941; that he was returned to prison on October 8, 1941; that no "good time earned" had ever been taken from him; and that

the time of the filing of the petition for the writ was more than 12 years and 6 months subsequent to the sentencing.

The interpretation of the "good time" statute is the question in dispute. This statute, § 13-116, Burns' 1933, sets forth that every inmate who has been sentenced for a determinate period of time, except for infractions of the rules and laws of the state or nation, "shall be entitled to a diminution of time from his or her sentence as indicated in the following table . . . .":

| "No. of Years of Sentence | Good Time Granted | Total Good Time Made | Time to be Served if Full Good Time is Made |
|---|---|---|---|
| 1st Year | 1 Month | 1 Month | 11 Months |
| 2nd Year | 2 Months | 3 Months | 1 Year and 9 Months |
| 3rd Year | 3 Months | 6 Months | 2 Years and 6 Months |
| 4th Year | 4 Months | 10 Months | 3 Years and 2 Months |
| 5th Year | 5 Months | 1 Year and 3 Months | 3 Years and 9 Months |
| 6th Year | 5 Months | 1 Year and 8 Months | 4 Years and 4 Months |
| 7th Year | 5 Months | 2 Years and 1 Month | 4 Years and 11 Months |
| 8th Year | 5 Months | 2 Years and 6 Months | 5 Years and 6 Months |
| 9th Year | 5 Months | 2 Years and 11 Months | 6 Years and 1 Month |
| 10th Year | 5 Months | 3 Years and 4 Months | 6 Years and 8 Months |
| 11th Year | 5 Months | 3 Years and 9 Months | 7 Years and 3 Months |
| 12th Year | 5 Months | 4 Years and 2 Months | 7 Years and 10 Months |
| 13th Year | 5 Months | 4 Years and 7 Months | 8 Years and 5 Months |
| 14th Year | 5 Months | 5 Years | 9 Years |
| 15th Year | 5 Months | 5 Years and 5 Months | 9 Years and 7 Months |
| 16th Year | 5 Months | 5 Years and 10 Months | 10 Years and 2 Months |
| 17th Year | 5 Months | 6 Years and 3 Months | 10 Years and 9 Months |
| 18th Year | 5 Months | 6 Years and 8 Months | 11 Years and 4 Months |
| 19th Year | 5 Months | 7 Years and 1 Month | 11 Years and 1½ Months |
| 20th Year | 5 Months | 7 Years and 6 Months | 12 Years and 6 Months |
| 21st Year | 5 Months | 7 Years and 11 Months | 13 Years and 1 Month" |

Under this table, it is shown that one sentenced to 20 years shall serve 12 years and 6 months if there are no infractions of rules or laws with the subsequent taking away of "good time." "Good time" is given not only for each period served, but also for each period of the sentence which is not served. The "good time" which has been earned at the end of 12 years and 6 months would be 4 years and 4½ months, but the person sentenced to 20 years must be released at the end of 12 years and 6 months, if "good time" has not been taken away by proper action under the statute, because the legislative act grants not only the time earned during the time in prison, but also the "good time" which could be earned for the balance of the sentence. The first and fourth columns are the only parts of the table that apply in cases where there has been a sentence and no infractions of the rules. When there are infractions of the rules the second and third columns give the time that may be deducted, and in case of a deduction of "good time earned" under the second and third columns of the table, the amount of time so deducted is added to the proper figure in the fourth column. For example, if one is convicted of a crime and sentenced to a determinate term of 20 years and he commits infractions of the rules that cause the taking away of part or all that is earned up to the time of the infraction, the time so taken away should be added to the figure in the fourth column that is opposite the figure 20 in the first column. Thus without infraction the term would be satisfied in 12 years and 6 months. If 4 months have been taken away, his term of service would be 12 years and 10 months.

The reasoning of the Legislature as demonstrated by the table is sound and commendable. For the purpose of rehabilitation, the one who commits no infraction

is, under this statute, capable of earning "good time" for the full term of the sentence, part of which is a bonus in addition to that earned in actual service. *Woodward* v. *Murdock* (1890), 124 Ind. 439, 444, 24 N. E. 1047, 1048.

There is no good reason why one who is out on parole should not be permitted to earn "good time" and thus shorten the period of time between the sentence and the final discharge. The statute is aimed to promote good behavior and should be applicable to both the one in prison and the one on parole. Neither is free to follow his own particular inclinations in travel or other matters. The one on parole merely has a greater degree of freedom, but he is not in the same category as a person not under conviction and sentence.

This court considered this statute in the case of *Dowd, Warden* v. *Johnston* (1943), 221 Ind. 398, 47 N. E. (2d) 976, and the language used therein with reference to the construction to be favored and the intent of the Legislature applies equally to the *instant* case.

Since the evidence is not disputed, the judgment of the LaPorte Superior Court is reversed with instructions to grant the writ as prayed for in the petition.

NOTE.—Reported in 68 N. E. (2d) 652.