LEO JENKINS, WARDEN, INDIANA STATE PRISON, JACK DUCK-WORTH, ACTING WARDEN, INDIANA STATE PRISON *v.* LARRY STOTTS, FIORE CARL BUCCI.

[No. 3-675A119. Filed May 26, 1976. Rehearing denied July 12, 1976.]

*Theodore L. Sendak,* Attorney General, *Darrell K. Diamond,* Assistant Attorney General, for appellants.

*Harriette Bailey Conn [Mrs.],* Public Defender of Indiana, *Peter W. Bullard,* Deputy Public Defender, for appellees.

HOFFMAN, J.—Petitioners-appellees Larry Stotts and Fiore Carl Bucci each petitioned the trial court for writs of *habeas corpus* directing respondent-appellant Leo Jenkins, Warden of the Indiana State Prison, to credit their sentences with certain "good-time" credits which they contended they had earned during their confinement in the Indiana State Prison. The trial court ruled in favor of appellees, and issued such writs. Appellants then filed their motions to correct errors, which were overruled by the trial court, and this consolidated appeal was subsequently perfected.

The sole issue presented by this appeal is whether the trial court erred in ordering that a certain method of computation be used in computing a "good-time" credit to be added to a portion of the time already served by the appellees. This controversy arises as a result of the enactment of IC 1971, 11-7-6.1-1, *et seq.* (Burns Supp. 1975), which provides a new method of awarding "good-time" credits to prisoners, and the repeal of the former statutes pertaining to this subject, IC 1971, 11-7-6-1, *et seq.* (Burns Code Ed.). It is conceded by the parties that this change in the law necessitates a computation of the "good-time" which was earned by the appellees during their incarceration under the old law, in order that such "good-time" may be credited to their sentences and the new method of computation may be commenced. It is further conceded by the parties that all of the time served by the appellees during such period is eligible for a "good-time" credit.

As stated hereinabove, the issue presented by this appeal is whether the trial court erred in ordering a particular method of computation of the "good-time" credit earned by the appellees during their incarceration under the old law. The con-

flicting contentions of the parties as to the appropriate method of computation result from the divergent constructions placed by them upon the following language and table of "good-time" credits enacted in IC 1971, 11-7-6-1, *supra*:

"Diminution of sentences.—Every inmate who is now or hereafter may be confined in the Indiana State Prison, Indiana Reformatory, or Indiana Women's Prison, for a determinate term of imprisonment, and who, while an inmate in such institution, shall have no infractions of the rules and regulations of the institution, nor infractions of the laws of the State of Indiana or laws of the United States recorded against him or her, and who performs in a faithful manner the duties assigned to him or her while an inmate, shall be entitled to a diminution of time from his or her sentence as indicated in the following table for the respective years of his or her sentence, including time being served for unpaid fine or costs, and pro rata for any part of a year when the sentence is for more or less than a year.

| COLUMN 1 No. of Years of Sentence | COLUMN 2 Rate of Good-Time Diminution from Each Individual Year of Sentence While in Confinement | COLUMN 3 Time Served on Sentence While in Confinement Without Infraction or Violations as Set Out Above | COLUMN 4 Total Good-Time That Can Be Earned While in Confinement as Diminution of Maximum Sentence | COLUMN 5 Total Time to be Served on Sentence as Shown in Col. (1) if all of Period Served as Shown in Col. (3) is Full Good-Time and is Served While Confined in Prison as Stated in Section 1a |
|---|---|---|---|---|
| 1 Year | 1 Month | 11 Months | 1 Month | 11 Months |
| 2 Years | 2 Months | 1 Year and 9 Months | 3 Months | 1 Year and 9 Months |
| 3 Years | 3 Months | 2 Years and 6 Months | 6 Months | 2 Years and 6 Months |
| 4 Years | 4 Months | 3 Years and 2 Months | 10 Months | 3 Years and 2 Months |
| 5 Years | 5 Months | 3 Years and 9 Months | 1 Year and 3 Months | 3 Years and 9 Months |
| 6 Years | 5 Months | 4 Years and 4 Months | 1 Year and 8 Months | 4 Years and 4 Months |
| 7 Years | 5 Months | 4 Years and 11 Months | 2 Years and 1 Month | 4 Years and 11 Months |
| 8 Years | 5 Months | 5 Years and 6 Months | 2 Years and 6 Months | 5 Years and 6 Months |
| 9 Years | 5 Months | 6 Years and 1 Month | 2 Years and 11 Months | 6 Years and 1 Month |
| 10 Years | 5 Months | 6 Years and 8 Months | 3 Years and 4 Months | 6 Years and 8 Months |
| 11 Years | 5 Months | 7 Years and 3 Months | 3 Years and 9 Months | 7 Years and 3 Months |
| 12 Years | 5 Months | 7 Years and 10 Months | 4 Years and 2 Months | 7 Years and 10 Months |
| 13 Years | 5 Months | 8 Years and 5 Months | 4 Years and 7 Months | 8 Years and 5 Months |
| 14 Years | 5 Months | 9 Years | 5 Years | 9 Years |
| 15 Years | 5 Months | 9 Years and 7 Months | 5 Years and 5 Months | 9 Years and 7 Months |
| 16 Years | 5 Months | 10 Years and 2 Months | 5 Years and 10 Months | 10 Years and 2 Months |
| 17 Years | 5 Months | 10 Years and 9 Months | 6 Years and 3 Months | 10 Years and 9 Months |
| 18 Years | 5 Months | 11 Years and 4 Months | 6 Years and 8 Months | 11 Years and 4 Months |
| 19 Years | 5 Months | 11 Years and 11 Months | 7 Years and 1 Month | 11 Years and 11 Months |
| 20 Years | 5 Months | 12 Years and 6 Months | 7 Years and 6 Months | 12 Years and 6 Months |
| 21 Years | 5 Months | 13 Years and 1 Month | 7 Years and 11 Months | 13 Years and 1 Month" |

Appellants contend that the proper method of computation is to award an inmate one month of "good-time" credit at the end of twelve months, two more months of such credit after the next twelve months, and so forth. Thus, the appellants contend, where a prisoner served five eligible years before the effective date of the new law, his credit should be computed to be the same as the credit listed in "Column 4" of the table opposite the entry "5 Years" in "Column 1."

A prior version of IC 1971, 11-7-6-1, *supra*, was construed by our Supreme Court in *Boyd* v. *Howard, Warden* (1946), 224 Ind. 439, 68 N.E.2d 652. However, the present version of this section has not yet been judicially construed.

To resolve the question presented by the case at bar, it is necessary to glean the intent of our Legislature as to the method to be employed in computing the "good-time" earned by an inmate through an examination of the table set forth hereinabove. In so doing, it must be remembered that the primary objective in construing a statute is to ascertain and effectuate its general intendment, if possible. *Kirby* v. *Indiana Employment Security Board* (1973), 158 Ind. App. 643, 304 N.E.2d 225. And, it is the duty of the court in construing a statute to give effect to the plain meaning of the language used therein. *State ex rel. Bynum* v. *La Porte Sup. Ct.* (1973), 259 Ind. 647, 291 N.E.2d 355.

The method of computation urged by appellees and ordered by the trial court awards an inmate a one-month credit after the first eleven months of eligible incarceration, two months of credit after the next ten months, and so forth, until a maximum of five-months credit for each seven months served is reached. This method of computation, in substance, allows a "good-time" credit for any period of time served in the same manner in which any amount of time served listed in "Column 5" of the statutory table relates to the "good-time" credit for such time listed in "Column 4."

Upon a careful examination of the table set forth in IC 1971,

11-7-6-1, *supra,* it must be concluded that the trial court did not err in adopting the method of "good-time" credit computation urged by appellees. This is because such method allocates "good-time" credits in exactly the same manner as does the statutory table in allowing such credits for the time which an inmate *has actually served.* The method which the appellants would have this court adopt, while superficially logical, proceeds upon the erroneous assumption that an inmate who has served five years was in the same position under this statute as an inmate who had been sentenced to five years. Such assumption is clearly incorrect. An inmate sentenced to five years would have, upon good behavior, *served* only three years and nine months, because during such jail time he would have earned one year and three months of "good-time" credit. Thus, an inmate who had actually served five years would clearly be entitled to a greater "good-time" credit.

As stated hereinabove, the method of computation approved herein allocates "good-time" credits in the same manner as the various amounts of time served in "Column 5" relate to the "good-time" credit which "Column 4" shows that the inmate has earned by serving such time. Appellants assert, however, that their method is correct because the "good-time" credit is earned while the prisoner is on parole as well as during his time in incarceration, citing *Boyd* v. *Howard, Warden, supra* (1946), 224 Ind. 439, 68 N.E.2d 652.

Appellants fail to note, however, that IC 1971, 11-7-6-1, *supra,* was amended by our Legislature immediately subsequent to the *Boyd* decision. *See,* Acts 1947, ch. 85, § 1, *et seq.,* at 257. Such amendment added IC 1971, 11-7-6-2 (Burns Code Ed.), which provided:

"Definitions — Confined — Inmate — Good-time. — The terms 'confined' and 'inmate' as used in this act [11-7-6-1 —11-7-6-5] shall be considered and construed as relating solely to persons who are actually within the walls of the prisons or upon the grounds thereof, such as the farms which are outside the walls but which are considered to be

a part of the penal institutions, or are elsewhere working or being under the direct control of the prison officials, and such terms *are not to be considered or construed as being applicable to a prisoner serving a determinate sentence who hase been released on parole.*

" 'Good-time' is a term used where a prisoner has earned a diminution of his or her time from his or her sentence, as provided in section 1 [11-7-6-1] of said act and *is to be earned only while the prisoner is within the terms as defined above in this section, and is not to be earned while a prisoner serving a flat time or determinate sentence has been released on parole.* The good-time is to be computed in accordance with the rate in Column 2 and the total good time as shown in Column 4 of the table set out above in section 1 [11-7-6-1] of this act, and shall be as stated therein if there is no loss thereof for violation of the prison rules or for other causes, leaving the time to be served as set forth in Column 5 of said table." (Emphasis supplied.)

It is difficult to postulate a case in which the Legislature could have expressed its intent more clearly.

The trial court did not err in ordering the appellees' "good-time" credits to be calculated as set forth hereinabove.

The judgment of the trial court is affirmed.

Staton, P.J. and Garrard, J. concur.

NOTE.—Reported at 348 N.E.2d 57.