**STATE of Indiana ex rel. William A. DORTON, Relator,**

v.

**The CIRCUIT COURT OF ELKHART COUNTY and the Honorable Richard W. Mehl, Special Judge, Respondent.**

**No. 180S16.**

Supreme Court of Indiana.

Nov. 13, 1980.

Harriette Bailey Conn, Public Defender, Kurt A. Young, Deputy Public Defender, Indianapolis, for relator.

Theo. L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for respondent.

## ORIGINAL ACTION

GIVAN, Chief Justice.

On the 16th day of January, 1980, the Supreme Court heard oral argument in this matter, and on that day issued an order denying a writ of mandate against the respondent court. Relator, however, chose to file his petition with the Clerk of this Court, thereby necessitating an opinion of this Court. We hereby set out the reasons why the majority of this Court voted to deny the writ.

Relator was convicted of burglary of a dwelling on November 17, 1978. He was found an habitual criminal on November 21, 1978. Appeal bond was set at $50,000.00. After several attempts at posting an acceptable bond, relator did tender a bond on October 23, 1979. At that time the respondent judge held a hearing in order to ascertain whether the bond conformed to the statutory requirement and to determine whether the statute in effect at the time the relator committed the offense or the statute in effect at the time the appeal bond was tendered governed relator's eligibility for release on appeal bond. Respondent judge decided that the statute in effect at the time the appeal bond was tendered was the operative statute.

Relator committed the offense in question and was convicted of said offense before September 1, 1979. Before that date, the statute governing appeal bonds, IC § 35–4–6–1 [Burns Supp.1978], provided:

"Whenever a person is convicted in any court of any offense except murder, and he has appealed or desires to appeal the conviction and has given notice thereof as required by law, he shall be admitted to bail pending appeal upon compliance with this chapter."

By the time relator tendered his appeal bond to the Court, the above mentioned statute had been amended. The present law found in IC § 35–4–6–1.5 states that any person who may not receive a suspended sentence under IC § 35–50–2–2 [Burns Supp.1978] is not eligible for an appeal bond. Relator in this case has a prior unrelated felony conviction, thus, under the statute, he may not receive a suspended sentence; and, therefore, he may not be released on appeal bond if the amended statute is, in fact, the applicable statute.

Relator challenges the applicability of the new statute to his case. He points out the new law was enacted after he committed the offense for which he was convicted and after the date of his conviction. He thus asserts that the application of the new statute to him, denying him an opportunity to be released on bond pending appeal, is an ex post facto application of the law in contravention of Art. 1, § 10 of the Federal Constitution and Art. 1, § 24 of the Indiana Constitution.

We hold that the statute in effect at the time the relator tendered his appeal bond applies to him and that there is no ex post facto violation.

This Court has held that the ex post facto clause prohibits the legislature from passing "any law, after a fact done by any citizen, which shall have a relation to that fact, so as to punish that which was innocent when done; or to add to the punishment of that which was criminal; or to increase the malignity of a crime; or to retrench the rules of evidence, so as to make conviction more easy. *Strong v. State*, (1822) 1 Blackford 193, 196."

Following the above definition, this Court has held that a statute denying good time credits to parolees was an ex post facto

application of the law. *Dowd v. Sims,* (1950) 229 Ind. 54, 60, 95 N.E.2d 628, 630. In *Dowd* a statute altered prior judicially created law which enabled convicted persons to accumulate good time credits, thus reducing their sentences, while on parole. This Court held that the law in effect at the time the offense was committed was the law which applied to a convict throughout the term of his sentence. *Dowd v. Sims, supra,* at 60, 95 N.E.2d 628 at 630.

*Dowd* is distinguishable from the case at bar. There, the new statute directly affected the convict's punishment. In effect, the new law would have imposed a greater sentence upon persons in the position of the appellant. Other courts have also viewed parole as an extension of the sentencing process. *Love v. Fitzharris,* (1972) 460 F.2d 382 (9th Cir.); *Milhouse v. Levi,* (1976) 548 F.2d 357 (D.C.Cir.).

In a more recent ex post facto case, *Warner v. State,* (1976) 265 Ind. 262, 354 N.E.2d 178, this Court found the ex post facto restraint prohibited the application of a law which denied a defendant treatment under the Criminal Sexual Deviancy Act, IC § 35–11–3.1–1 to –37 [Burns 1975]. At the time the appellant in *Warner* committed the acts which led to his conviction, the above mentioned statute provided a possibility of treatment in lieu of incarceration in a penal institution. A subsequent statute eliminated this alternative. This Court held that the law enacted after defendant committed the offense could not be applied to him without violating the ex post facto prohibition. *Warner v. State, supra,* at 272, 354 N.E.2d 178 at 185. In *Warner,* the provisions of the statute were specifically related to the offense committed by the defendant. Thus, the Court ruled he could not lose the benefits even though the statute was later modified.

In the case at bar, the superseding statute, IC § 35–4–6–1.5 [Burns Supp.1979] does not make an act criminal which was legal before the statute; nor does it "provide a greater punishment therefor than was prescribed at the time of its commission; nor [does it] alter the degree, or less-en the amount or measure, of the proof which was made necessary to conviction when the crime was committed." *Hopt v. Utah,* (1884) 110 U.S. 574 at 589, 4 S.Ct. 202 at 210, 28 L.Ed. 262. See, also, *Dobbert v. Florida* (1977) 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344. It is important to distinguish between pre–trial and post–conviction bail. This Court has held, "[t]he right to give bail before conviction prevents the infliction of punishment prior to an adjudication of guilt and permits the unhampered preparation of a defense. It is a traditional and a cherished right." *Bozovichar v. State,* (1952) 230 Ind. 358, 361, 103 N.E.2d 680, 681. See, also, *In re Whitney,* (1970) 421 F.2d 337 (1st Cir.). However, after conviction the balance shifts. Once a person has entered a plea of guilty, or has been found guilty by a jury or court, the presumption of innocence has been extinguished. The necessity to protect society against further criminal acts by a convicted, but unpunished, person outweighs society's interest in protecting persons who may have a reversible conviction.

It is clear in Indiana that there is no constitutional right to bail pending appeal. *Keys v. State,* (1979) Ind., 390 N.E.2d 148, 152; *Scruggs v. State,* (1974) 161 Ind. App. 672, 317 N.E.2d 800. We are not unmindful of the fact that prior cases have suggested that the mere denial of "some lawful protection to which [a defendant] is entitled" will constitute a violation of the ex post facto prohibition. *Warner v. State,* (1976) 265 Ind. 262, at 271, 354 N.E.2d 178, 184; *In re Petitions to Transfer,* (1930) 202 Ind. 365, 378, 174 N.E.2d 812, 817. However, we interpret this clause to apply to laws which impose punishment for an act not punishable when it was committed, or made punishment greater than it was when the act was committed, or changed rules of evidence to the extent of requiring less or different testimony for conviction. We hold this language does not include release on appeal bond, as it does not deny the relator any of his substantial rights concerning proof of the offense or the time to be served upon conviction therefor. The opportunity for release on appeal bond is a

status question which must be determined at the time a convicted person seeks such relief. The availability of post–conviction bail is not a right which vests in a defendant at the time the offense is committed.

We hold that such application of the statute does not violate the ex post facto prohibitions of Art. 1, § 10 of the United States Constitution or Art. 1, § 24 of the Indiana Constitution.

We further hold that relator's eligibility for release on appeal bond is controlled by the appeal bond statute in effect at the time such release is sought.

Relator's petition for a writ mandating the trial court to apply the appeal bond statute which was in effect at the time he committed the offense is hereby denied.

All Justices concur.