STATE of Iowa, Appellee,

v.

Hope Martin ANDERSON, Appellant.

STATE of Iowa, Appellee,

v.

Lawrence Duane HARTMAN, Appellant.

Nos. 69098, 69099.

Supreme Court of Iowa.

Sept. 21, 1983.

Rehearing Denied Oct. 13, 1983.

Lawrence F. Scalise, Thomas J. Levis and Ann Fitzgibbons, Des Moines, for appellant Anderson.

Wallace D. Parrish, Waterloo, for appellant Hartman.

Thomas J. Miller, Atty. Gen., Steven M. Foritano, Asst. Atty. Gen. and David H. Correll, County Atty., for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, McCORMICK, SCHULTZ, and CARTER, JJ.

CARTER, Justice.

These consolidated appeals present the issue of whether the amendment to Iowa Code section 811.1 (1981), contained in 1982 Iowa Acts chapter 1236, section 1, and effective July 1, 1982, is applicable in determining the right to bail for appellants admitted to bail on appeal prior to the amendment's effective date. The trial court ruled that the amendment to the statute served to terminate the eligibility of both appellants to remain free on bail pending appeal. It accordingly ordered that the appeal

bonds of both appellants be revoked. We granted a stay of that order and also granted appellants' application for discretionary review.

During the pendency of these appeals, the conviction of defendant Anderson was affirmed by the court of appeals. Procedendo and mandate have issued on that decision, and Anderson is now serving the prison sentence which had been imposed upon him. The case is therefore moot as to him, and his appeal should be dismissed. The conviction of the defendant Hartman has also recently been affirmed by the court of appeals, but an application for further review is pending in this court. Procedendo and mandate have not issued from the decision of the court of appeals, defendant Hartman remains free on appeal bond, and the issue is therefore not moot as to him. We therefore consider the issue on defendant Hartman's appeal.

Defendant Lawrence Hartman was convicted by jury trial of murder in the second degree as defined in Iowa Code section 707.3 (1979). On December 15, 1981, he was sentenced to an indeterminate 25-year prison term. He appealed from the judgment of conviction and sentence on that same day and was released from custody by posting a $100,000 appeal bond. At the time defendant Hartman was admitted to bail on appeal, Iowa Code section 811.1 (1981) provided:

All defendants are bailable both before and after conviction, by sufficient surety . . . except that the following defendants shall not be admitted to bail:

. . . .

2. A defendant appealing a conviction of a class "A" felony.

Murder in the second degree is a class "B" felony, and defendant Hartman's eligibility for appeal bond under the statute in effect at the time of his sentencing is not disputed.

By an amendment which became effective July 1, 1982, section 811.1 was changed so as to provide as follows:

All defendants are bailable both before and after conviction, by sufficient surety . . . except that the following defendants shall not be admitted to bail: .

. . . .

2. A defendant appealing a conviction of a class "A" felony, murder, felonious assault, sexual abuse in the second degree, sexual abuse in the third degree in violation of section 709.4, subsection 1 and 3, kidnapping, robbery in the first degree, arson in the first degree, or burglary in the first degree.

Based upon this change in the statute, the State requested that defendant Hartman's appeal bond be revoked. The trial court so ordered, and defendant Hartman has appealed this ruling based on theories of statutory interpretation and constitutional limitations. We consider his arguments and affirm the trial court.

I. *Defendant's Statutory Interpretation Argument.*

▮ Defendant Hartman's first contention on appeal is that by determining his eligibility for appeal bond under the provisions of the amended statute, the trial court failed to apply the usual presumption that statutes operate prospectively. In particular, it is urged that such an interpretation runs contrary to the provisions of Iowa Code section 4.5 (1981) which provides: "A statute is presumed to be prospective in its operation unless expressly made retrospective." In ordering revocation of defendant's appeal bond, the trial court considered the provisions of section 4.5 but reasoned that "terminating defendant's right to continue to remain free after the effective date of the amendment does not give the statute retrospective effect." The State urges that this conclusion by the trial court is correct because eligibility for bail is by its nature a continuing issue. It notes in this regard that Iowa Code section 811.7(1) (1981) provides that the court may order that a defendant who has been admitted to bail be recommitted to custody for a variety of reasons—a circumstance which the State suggests enforces the conclusion that bail entitlement may be periodically reexamined by the court. We find merit in the State's

argument. While section 811.7(1) deals specifically with factual bases for revoking bond, it would be ironic for the legislature to sanction a judicial reexamination of bail entitlement on factual grounds while denying a similar right of reconsideration based on fundamental changes in legislative policy. We accordingly approve the trial court's conclusion that its action in revoking defendant's bail does not give the statute retrospective effect. We view the trial court's prior determination that defendant be admitted to bail on appeal as the type of adjudication that is subject to being altered where, as here, the issue is one of the law and "a new determination is warranted in order to take account of an intervening change in applicable legal context." *See Restatement (Second) of Judgments* § 28(2) (1982).

The action of the trial court which we approve does no more than treat defendant Hartman in the precise manner which the legislature prescribed for persons convicted of one of the felonies enumerated in 1982 Iowa Acts chapter 1236, section 1. Defendant has been convicted of such a felony. Denial of his future right to bail appears to us to be entirely consistent with the legislative intent embodied in that legislative act. No reason has been made to appear why the legislature would intend that the policy established for postconviction bail by enactment of the 1982 amendment not apply to those persons who, because their sentences were imposed prior to the effective date of the amendment, were able to obtain bail status under the former law. We refuse to recognize such intent on the part of the legislature.

### II. *Defendant's Ex Post Facto Argument.*

Defendant Hartman also asserts that the order appealed from violates the ex post facto provisions found in article I, section 9, of the United States Constitution and article I, section 21, of the Iowa Constitution. We disagree.

 A criminal statute will not stand scrutiny under the ex post facto provisions of the state or federal constitutions if it punishes as a crime an act previously committed, which was innocent when done; makes more burdensome the punishment for a crime after its commission; or deprives one charged with the crime of any defense available according to the law at the time when the act was committed. *See Beazell v. Ohio,* 269 U.S. 167, 169–70, 46 S.Ct. 68, 68, 70 L.Ed. 216, 217–18 (1925); *In re Ponx,* 276 N.W.2d 425, 428 (Iowa 1979). Application of the 1982 amendment to section 811.1(2) to the determination of defendant's bail status offends none of the foregoing proscriptions. The right of appeal bond which existed prior to the 1982 amendment was purely a creature of statute. *Emery v. Fenton,* 266 N.W.2d 6, 7 (Iowa 1978). An absolute right to bond on appeal was not recognized at common law nor is it guaranteed by the federal or Iowa constitution. *Id.* For this reason, we believe the right to appeal bond for a convicted person does not vest at any point in time and is subject to change by legislative action. *See State ex rel. Dorton v. Circuit Court,* 412 N.E.2d 72, 74–75 (Ind.1980).

### III. *Defendant's Equal Protection Argument.*

Finally, we consider the claim of defendant Hartman that section 811.1(2), as amended in 1982, denies him equal protection of the law. This argument is based entirely on the assertion that there is no rational basis for concluding that those convicted of the felonies enumerated in the amendment, other than class "A" felonies would be poor bail risks.

 Defendant has the burden of negating every reasonable basis for the classification which the act embodies. *State v. Conner,* 314 N.W.2d 427, 431 (Iowa 1982). We conclude that he has failed to meet this burden. The crimes listed in section 811.1(2), as amended in 1982, are all forcible felonies. The legislature could reasonably determine that defendants convicted of these particular forcible felonies are poorer bail risks than defendants convicted of other crimes. In addition, within this context,

there is also a rational basis for predicating the legislation on the interests in the protection of society. As stated in *State ex rel. Dorton,* 412 N.E.2d at 74,

> [A]fter conviction the balance shifts. Once a person has entered a plea of guilty, or has been found guilty by a jury or court, the presumption of innocence has been extinguished. The necessity to protect society against further criminal acts by a convicted, but unpunished, person [may be found to outweigh] society's interest in protecting persons who may have a reversible conviction.

We find defendant's equal protection argument to be without merit. We have considered all arguments presented and find no basis for reversal of the trial court's order revoking the bail of defendant Hartman. The stay of that order previously granted is dissolved.

APPEAL DISMISSED IN NO. 69098; AFFIRMED IN NO. 69099.