## TRUMAN v. UNITED STATES.
### No. 38843.

District Court, N. D. Illinois, E. D.
Sept. 7, 1933.

Barnett & Truman, of Chicago, Ill., for plaintiff.

Dwight H. Green, U. S. Atty., of Chicago, Ill.

BARNES, District Judge.

The facts in this case are correctly stated by the plaintiff in his brief, as follows:

"1. Taxpayer is a member of the partnership of Barnett & Truman, engaged in the practice of law since 1910, composed of himself and Otto R. Barnett.

"2. Taxpayer has always maintained his books and made his returns on a cash receipts basis and accordingly for the years 1923 and 1924 filed income tax returns on that basis, the correctness of the figures being undisputed, showing that portion of his income derived from the partnership to be as follows:

### 1923

Distributive share of net income of partnership on cash receipts basis ........................$16,523.52
Tax paid ...................... 1,179.46

### 1924

Distributive share of net income of partnership on cash receipts basis ........................$22,500.00
Tax paid ...................... 1,303.04

"3. Taxpayer's partner Barnett has always maintained his books and made his returns on an accrual basis and accordingly filed a partnership return on such accrual basis as follows:

### 1923

Taxpayer's share on accrual basis..$19,351.34

### 1924

Taxpayer's share on accrual basis..$26,352.77

"4. Subsequently the Commissioner determined a deficiency tax against taxpayer for those years amounting to $277.50 and $491.-19, respectively, based on the difference between taxpayer's cash receipt share and the partnership accrued share, which amounts with interest were duly paid under protest, claims for refunds thereof filed and denied."

The plaintiff contends that, since he kept

his personal books regularly on a cash receipts basis, he has complied with the provisions of the Revenue Acts of 1921 and 1924 by reporting in his income tax returns for the years 1923 and 1924 his distributive share of the net income of the partnership as computed on a cash basis, and that therefore the Commissioner has erred in determining the deficiency against him.

The statutes which should be considered are the following:

"Sec. 212. * * * (b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 200 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year."

"Sec. 218. (a) That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the fiscal or calendar year upon the basis of which the partner's net income is computed."

"Sec. 224. That every partnership shall make a return for each taxable year, stating specifically the items of its gross income and the deductions allowed by this title, and shall include in the return the names and addresses of the individuals who would be entitled to share in the net income if distributed and the amount of the distributive share of each individual. The return shall be sworn to by any one of the partners." 42 Stat. 237, 245, 250; 43 Stat. 267, 275, 280 (see 26 USCA § 953 and note, § 959 and note, and § 965 and note).

Counsel for the plaintiff argues that the Commissioner is wrong in holding that section 218 (a) affords any basis for the contention that "distributive share" means distributive share as shown by the partnership return. He says that, if it meant that, the provision would have been explicitly inserted. He says: " 'Distributive share' means taxpayer's share computed on the basis on which taxpayer keeps his accounts."

This contention is not sound. What the law does say is: "There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year."

It does not say the partners shall compute on the basis of the taxpayer's accounting methods. The partnership and partners may keep books on any basis they choose. This fact is recognized by the concluding portions of section 218 (a). The partnership computes its income on its own basis and by its own methods, but the statute provides that the income, as shown by the return of the partnership, shall be the income of the partners. Any other rule would lead to confusion. In fact, if this were not the rule, there would be very little need of requiring a partnership return. If the partnership return did not show the income which should be included in the return of the individual partner, it could have very little purpose.

The conclusions which have been arrived at are supported by the following cases: Appeal of Percival H. Truman, 3 B. T. A. 386; Hill v. Commissioner (Buechner v. Commissioner), 22 B. T. A. 1079; Burns v. Commissioner, 12 B. T. A. 1209; Miller v. Commissioner, 7 B. T. A. 581.

There will be a finding and judgment for the defendant, and counsel may present forms of appropriate findings of fact and conclusions of law and judgment order, upon notice.