PEOPLE OF UNITED STATES ex rel. UM-
BENHOWAR v. McDONNELL, United
States Marshal.

No. 43721.

District Court, N. D. Illinois, E. D.

Oct. 6, 1934.

Dwight H. Green, U. S. Dist. Atty., of Chicago, Ill., for the People.

A. L. Gettys, of Chicago, Ill., for respondent.

WOODWARD, District Judge.

On the petition of the relator, a writ of habeas corpus issued. It appears from the petition and return that on June 25, 1932, the relator committed an offense against the United States in that he violated what is known as the Dyer Act (18 USCA § 408). He was arrested and tried for the offense and on December 2, 1932, he was sentenced by the United States District Court to confinement in the United States Penitentiary at Leavenworth, Kan., for a term of two years. He was taken to the penitentiary and on July 10, 1934, he was released from the penitentiary with credit for good conduct after having served nineteen months and six days of his sentence. Instead, however, of being absolutely discharged, he was treated as on parole, as provided by section 4 of the Act of June 29, 1932, effective July 29, 1932 (47 Stat. 381, 18 USCA § 716b), which reads as follows: "Any prisoner who shall have served the term or terms for which he shall hereafter be sentenced, less deductions allowed therefrom for good conduct, shall upon release be treated as if released on parole and shall be subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term or terms specified in his sentence: Provided, That this section shall not operate to prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody."

After his release and before the time when his sentence would have run its full course, namely, on December 2, 1934, relator was taken into custody by the United States marshal for this district for a violation of his parole. Thereupon, he filed his petition for the writ of habeas corpus and the writ issued.

The question presented is as to whether or not amendatory section 716b is applicable to convicts who committed offenses against the United States prior to July 29, 1932, although tried, convicted, and sentenced after July 29, 1932. If section 716b is not applicable to relator, he is entitled to his discharge on habeas corpus.

As the law stood when the offense of which the relator was convicted, he was subject to imprisonment not to exceed a definite length of time—in his case two years—and as a part of his sentence he was entitled, in case his conduct showed that he had faithfully observed all the rules of the prison and had not been subjected to punishment, to a deduction from the term of his sentence to be estimated as the law required (18 USCA § 710). The law also provided that "each prisoner entitled to the deduction provided for in section 710 of this title shall be discharged at the ex-

piration of his term of sentence less the time so deducted." (18 USCA § 713).

Had it not been for the amendment to 18 USCA § 716b, there would be no question but that the relator had fully served his sentence. Are the provisions of section 716b applicable to the relator? The offense of which the relator was convicted was committed a few days prior to the effective date of section 716b. Under the Constitution, Congress is prohibited from passing an ex post facto law.

"A law which deprives an accused person of any substantial right or immunity possessed by him before its passage is ex post facto as to prior offenses." 12 C. J. p. 1103.

It is well settled that, among others, an ex post facto law is one which imposes a punishment for an act which was not punishable at the time it was committed, or a punishment in addition to that then prescribed. Burgess v. Salmon, 97 U. S. 381, 24 L. Ed. 1104; Ex parte Medley, 134 U. S. 160, 10 S. Ct. 384, 33 L. Ed. 835; Carpenter v. Pennsylvania, 17 How. 456, 15 L. Ed. 127.

The punishment may be lessened, but never increased, as against any one, for a crime already committed, and statutes which aggravate the punishment come within the provision as to ex post facto laws. Fletcher v. Peck, 6 Cranch, 87, 3 L. Ed. 162. In the latter case, Chief Justice Marshall says: "An ex post facto law is one which renders an act punishable in a manner in which it was not punishable when it was committed." A better or more accurate definition has not been given. From this definition it is seen that the punishment provided for when the crime was committed is the punishment that must be imposed. If no punishment was then provided for, subsequent legislation cannot be enacted, increasing the punishment, and such legislation can only refer to subsequent crimes. The punishment can be lessened, but never increased, as against anyone, for a crime already committed. No more beneficent provision is found in the Constitution for the protection of the individual, and it must be and will be enforced on behalf of the bad citizen or criminal as well as the good citizen.

In the instant case, under the law as it existed at the time the offense was committed, the relator was entitled, in case of good conduct, to a certain scale of credits. He had earned these credits and, in accordance with the law, he was entitled to his discharge. The act of 1932 does not abolish the credits to which the relator was entitled, but it does keep him within the custody and control of the warden until the expiration of his two-year sentence. As the court views it, section 716b provides for a punishment in addition to that to which the relator might have been subjected at the time the offense was committed. In this conclusion the court is supported by the language of Judge Sanborn in the case of Anderson, Warden, v. Williams (C. C. A.) 279 F. 822, 826: "A parole of a prisoner by the board of parole under the Act of June 25, 1910 [18 USCA § 714 et seq.], is not a suspension of a sentence. On the other hand, it is a substitution during the continuance of the parole, of a lower grade of punishment, by confinement in the legal custody and under the control of the warden within the specified prison bounds outside the prison, for the confinement within the prison adjudged by the court. It is the authorized substitution during the existence of the parole through the clemency of the board of a lighter punishment for that originally prescribed by the judgment. But the prisoner is not free of his sentence while he is out of the prison under the parole. He is still serving his sentence. By virtue thereof, he is still confined within the specified bounds outside of the prison, still in the legal custody of the warden, and subject to all the terms of the sentence of the court of which he is not expressly relieved, and the time of his confinement under the parole runs and must be allowed in his favor as long as his parole is not lawfully revoked to the same extent as it would have run and have been allowed if he had been actually confined in the penitentiary during that time."

As to the relator, section 716b aggravates his punishment and as to him is ex post facto.

An order, therefore, may be entered making the writ absolute and discharging the relator from custody.