(No. 36595.—)

THE PEOPLE *ex rel.* Frank Johnson, Petitioner, *vs.* FRANK
J. PATE, Warden, Respondent.

*Opinion filed November 30, 1961.*

GERALD W. GETTY, Public Defender, of Chicago,
(JAMES J. DOHERTY, Assistant Public Defender, of coun-
sel,) for petitioner.

WILLIAM G. CLARK, Attorney General, of Springfield,
and DANIEL P. WARD, State's Attorney, of Chicago, (FRED
G. LEACH, Assistant Attorney General, and JOHN T. GAL-
LAGHER and JAMES R. THOMPSON, Assistant State's At-
torneys, of counsel,) for respondent.

Mr. JUSTICE SCHAEFER delivered the opinion of the
court:

This is an original petition for a writ of *habeas corpus.*
The petitioner is a prisoner in the Illinois State Penitentiary.
The indictment upon which he was convicted charged that
on October 1, 1951, he unlawfully sold narcotics. On March
27, 1952, he was adjudged guilty and sentenced to the peni-
tentiary for a term of not less than 5 nor more than 15
years.

The Department of Public Safety is authorized by

statute "to prescribe reasonable rules and regulations for the diminution of sentences on account of good conduct, of persons heretofore and hereafter convicted of crime, * * *." (Ill. Rev. Stat. 1959, chap. 108, par. 45.) Under the regulations that were in effect when the crime was committed, the petitioner would have been eligible for release on January 1, 1961. During the interval between the commission of the crime and the petitioner's conviction the regulations were changed so that the petitioner will not be eligible for release, under the present regulations, until April 9, 1962.

The petitioner argues that the computation of his good time allowance on the basis of regulations adopted after the commission of the crime violates the *ex post facto* prohibition of the constitution. (Const. art. II, sec. 14.) Similar changes in the statutes or regulations governing good-time allowances, and similar contentions, have produced divergent results in other jurisdictions. Some courts have sustained the validity of the revised good-time allowances in the face of constitutional attack, on the ground that the allowance of good time is a matter of grace or discretion which cannot be relied upon by a convicted prisoner. (*People ex rel. Kleinger* v. *Wilson* (1938), 254 App. Div. 406, 5 N.Y.S. 2d 934; *Graham* v. *Thompson* (10th cir. 1957), 246 F.2d 805; cf. *Uryga* v. *Ragen* (7th cir. 1950), 181 F.2d 660.) Other courts have considered that the prisoner has a vested right in the good-time regulations in effect when the crime was committed, and have invalidated subsequent statutes that altered those rights to the disadvantage of the prisoner. *People of United States ex rel. Umbenhowar* (N.D. Ill. 1934), 11 F. Supp. 1014; *Dowd* v. *Sims* (1950), 229 Ind. 54, 95 N.E.2d 628; *Ex parte Lee* (1918), 177 Cal. 690, 171 Pac. 958.

We find it unnecessary to choose between these two points of view or to analyze closely the reasoning that underlies them, for we think it clear that the General Assembly did not confer upon the Department of Public Safety

authority to establish regulations that would apply retroactively. The policy of the State with respect to retroactive legislation is established by section 4 of the Statutory Construction Act which provides: "No new law shall be construed * * * in any way whatever to affect * * * any penalty, forfeiture or punishment so incurred * * * before the new law takes effect, * * *." Ill. Rev. Stat. 1959, chap. 131, par. 4.

As an original proposition, specific allowances for good time were fixed by the legislature itself. (Laws of 1871-2, p. 294.) A change in the allowances so fixed would not have been construed to apply retroactively unless the intention that it should be so applied was clearly expressed. By subsequent amendments the present authority to make reasonable rules and regulations was conferred upon the Department of Public Safety. (Laws of 1925, p. 502; Laws of 1941, vol. 1, p. 1011.) The authority granted by the amended act with respect to persons "heretofore and hereafter" convicted spoke as of the date of enactment, and did not clearly confer a continuing authority to make retroactive regulations. We do not think that such an authority should be applied.

*Petitioner discharged.*