(No. 38478.—

THE PEOPLE *ex rel.* Victor Colletti, Petitioner, *vs.* FRANK J. PATE, Warden, Respondent.

*Opinion filed September 29, 1964.*

THOMAS J. O'REGAN, of Chicago, appointed by the court, for petitioner.

WILLIAM G. CLARK, Attorney General, of Springfield, for respondent.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Victor Colletti, an inmate at the State Penitentiary, Joliet, with our permission, filed an original petition for writ of *habeas corpus* with this court. The respondent is the warden of the penitentiary, Frank J. Pate.

The parties agree on the facts in this case. Petitioner was committed to the penitentiary in 1954 to serve three concurrent sentences. The first sentence was for a term of one to fifteen years, while the second and third were for terms of two to fifteen years. The judgments specifically provided that all three sentences were to be served concurrently. Petitioner has earned good-time credits and under the regulations of the Department of Public Safety has served in full his second and third sentences and is entitled to be discharged therefrom, however he is not eligible for discharge from the first sentence until September 15, 1964. A different schedule of good-time credits applies to the first sentence. The crimes involved in the second and third sentences were committed in 1951; parenthetically, petitioner originally received probation in connection with these offenses which was revoked in 1954 and he was sentenced. The crime involved in the first sentence was committed in 1953. On January 30, 1952, the Department of Public Safety, pursuant to section 1 of the act relating to diminution of sentences (Ill. Rev. Stat. 1951, chap. 108, par. 45,) revised the schedule of good-time credits, decreasing the yearly allowance for all sentences in excess of eight years. The revised schedule applies only prospectively; see our opinion *People ex rel. Johnson* v. *Pate,* 23 Ill.2d 409.

Petitioner contends that he should be released from his first sentence as well, because the revised schedule of good-time credits is invalid and the previous schedule still obtains. Petitioner has served the maximum of his first sentence less good-time credits under the former schedule and he argues that he is entitled to be discharged.

Illinois initiated the practice of reducing a convict's sentence because of good behavior in prison in 1872 (Act

of March 19, 1872, Laws of 1871-72, p. 294; Rev. Stat. 1874, chap. 108, pars. 45-49.) The original act contained five sections. The first section prescribed a schedule of yearly credits on account of good time; one month was allowed for the first year and the allowance was increased for each succeeding year until the sixth year when six months was authorized. The annual allowance of good time remained constant at six months thereafter. The second section prescribed forfeiture of earned good-time credits because of infractions of prison rules; a schedule of time to be forfeited for each infraction was likewise a part of that section. Section 3 provided that consecutive sentences were to be considered for good-time purposes as one continuous sentence. Section 4 provided for the allowance of good time on sentences being served at the time of the adoption of the act. Section 5 authorized the Governor to restore a convict's rights of citizenship although he violated prison rules.

The original good-time statute was changed in 1925. Section 1 was amended while sections 2 and 4 were repealed. Amended section 1 provided: "The Department of Public Safety is authorized and directed to prescribe reasonable rules and regulations for the diminution of sentences on account of good conduct, of persons heretofore and hereafter convicted of crime, who are confined in the State penal and reformatory institutions." No schedule of good-time credits was furnished. Section 1 as amended in 1925 is in the same form today. Ill. Rev. Stat. 1963, chap. 108, par. 45.

Petitioner contends, and respondent does not dispute, that between 1925 and 1941 good-time credits were allowed convicts under the schedule of repealed section 1 of the act of March 19, 1872. In 1941 the Department of Public Safety formalized this practice by promulgating a regulation adopting the repealed 1872 statutory schedule. On January 30, 1952, the Department of Public Safety promulgated a new schedule of good-time credits, reducing the

annual credit for years of a sentence in excess of eight; three months in the ninth year and four months for each year thereafter. The difference in good-time credits that a convict might earn serving a fifteen-year maximum sentence, as in the case of petitioner, under the prior and present schedule is one year and three months. It is this extension of which petitioner complains; he contends that the legislature could not constitutionally delegate the duty of fixing good-time credits; that if such duty is delegable the 1925 amendment was ineffectual to do so, because it gave no standards to guide the Department of Public Safety in prescribing good-time credits and lastly if the duty is delegable and there was an effective delegation, the 1952 regulation is invalid because it is arbitrary and discriminatory to convicts like petitioner serving sentences in excess of eight years.

The nature of good-time credit has not been defined by the courts of this State; in *People ex rel. Johnson* v. *Pate,* 23 Ill.2d 409, we avoided such a definition. However, the *Johnson* case did establish that the legislature only authorized the Department of Public Safety to promulgate a schedule of good-time credits that applies prospectively. Good time, although a part of every sentence, is a conditional right which may be forfeited prior to the time a convict is entitled to discharge, having served his maximum sentence less good-time credits. (*Uryga* v. *Ragen* (7th cir.) 181 F.2d 660.) It is established that a convict is unlawfully imprisoned after he has served his maximum sentence less good-time credit. (*People ex rel. Michaels* v. *Bowen,* 367 Ill. 589, 593.) Conceding, as argued by petitioner, that the definition of crime and the prescription of the penalty therefor is exclusively a legislative function that is not delegable (1 Am. Jur. 2d 127; 16 C.J.S. 602), it does not necessarily follow that the legislature may not delegate the duty to fix good-time credits.

Not everything affecting a criminal penalty becomes an

essential part thereof. The opportunity for parole is an important aspect of a criminal sentence, yet we recently held that parole is a matter of grace which could constitutionally be changed retroactively by the legislature. (*People ex rel. Kubala* v. *Kinney,* 25 Ill.2d 491.) The objection which petitioner makes to this State's present good-time statute is novel, but challenges to our modern statutes on criminal sentences are not new. These challenges usually take the form of a charge of an unconstitutional delegation of the judicial duty of imposing sentence, since administrative agencies have been given broad discretionary powers in paroling and discharging convicts. In practically every instance we have upheld such statutes. See our opinion in *People* v. *Fowler,* 14 Ill.2d 252, where we upheld the constitutionality of the Youth Commission Act (Ill. Rev. Stat. 1957, chap. 23, pars. 2501 *et seq.*) and related provisions of the Sentence and Parole Act (Ill. Rev. Stat. 1957, chap. 38, par. 801 *et seq.*) for a review of our decisions on the broad discretionary powers which the legislature may validly invest in administrative agencies in the execution of criminal sentences. Because of the apparent purpose of the good-time statute to promote prison discipline and rehabilitation of convicts, matters which we have frequently held could be validly entrusted to administrative agencies, we are constrained to say that the legislature may constitutionally delegate the duty to prescribe a schedule of good-time credits.

The duty to prescribe a schedule of good-time credits may be validly delegated to the Department of Public Safety, as we have just held, but an administrative agency cannot constitutionally be vested with authority to determine what the law shall be. Intelligible standards to guide the agency in its rule-making authority must be supplied by the legislature. (*People* v. *Warren,* 11 Ill.2d 420, 427; *Hayes Freight Lines, Inc.* v. *Castle,* 2 Ill.2d 58, 65.) The 1925 amendment of section 1, being imperative in form,

gave no discretion to the Department to adopt or not to adopt a schedule of good-time credits; it is "directed to prescribe reasonable rules and regulations for the diminution of sentences on account of good conduct." The principal discretion given the Department was the determination of the amount of credits to be given on account of good-time, which we have already said may be validly delegated. Petitioner argues the only standard given the Department is the term "reasonable", which is inadequate. It would be inconsistent for us to say that the legislature may delegate the duty to prescribe a schedule of credits for good-time and hold that the delegation was ineffective because the legislature did not fix a maximum and minimum schedule. We would be forcing the legislature to perform the duty which we held above may be validly delegated and which the Department of Public Safety is undoubtedly better qualified to perform. Under the circumstances we believe that the statutory standards, although minimal, were intelligible and sufficient to guide the Department of Public Safety in the performance of its duty to prescribe rules and regulations for the diminution of sentences on account of good conduct.

Lastly petitioner argues that the regulation decreasing good-time credits on longer sentences is invalid, because it is discriminatory and arbitrary. The basis for this charge is that the change adversely affects petitioner and other convicts serving long sentences. An administrative regulation, like a statute, enjoys a presumption of validity and that presumption is not rebutted by the mere showing that petitioner and others in a like situation are adversely affected thereby.

The schedule of good-time credits as promulgated by the Department of Public Safety is valid. The writ of *habeas corpus* must therefore be quashed.

*Writ quashed.*