FREDERICK G. ACKER *et al.*, Plaintiffs-Appellants, *v.* THE DEPART-
MENT OF REVENUE, Defendant-Appellee.

First District (5th Division)   No. 81—2001

Opinion filed August 5, 1983.

David J. Hardy, Crane C. Hauser, and Calvin Sawyier, all of Chicago, for appellants.

Tyrone C. Fahner, Attorney General, of Springfield (Paul J. Bargiel, of Doss, Puchalski, Keenan, Bargiel and Dicks, Ltd., and Fred H. Montgomery, Special Assistant Attorneys General, of counsel), for appellee.

PRESIDING JUSTICE WILSON delivered the opinion of the court:

This is an appeal by the partners of the Chicago law firm of Winston, Strawn, Smith and Patterson (Winston, Strawn) a law partnership, from an order of the circuit court of Cook County which affirmed the Department of Revenue's denial of plaintiffs' claim for a refund of certain State income taxes.[1]

Winston, Strawn files its tax returns using a fiscal year basis ending January 31.[2] On its Illinois partnership return for fiscal year February 1, 1969, to January 31, 1970, Winston, Strawn reported net income in the amount of $3,061,284.04. Of this total, $2,095,480.76 was reported as net income from February 1, 1969, to July 31, 1969, and was distributed to plaintiffs on or before July 31, 1969. The balance of $965,803.28 was reported as net income for the period from August 1, 1969, to January 31, 1970. Winston, Strawn claimed a subtraction modification for its February to July income and explained that the money "*** [was] excluded from Illinois modified partnership ordinary income pursuant to [the] specific election hereby claimed under section 2—202(b)(2) of the Illinois Income Tax Act ***." Section 2—202(b)(2) provides that:

---

[1]Plaintiffs' wives are parties in this proceeding solely because they joined with their husbands in the filing of joint returns.

[2]Although a partnership files a Federal as well as a State return of its income, these returns are merely informational and do not show any amount of tax liability. Instead, the returns set forth taxable income. Each partner reports his distributive share of the partnership's income, gains, losses, deductions and credits on his individual return and is taxed on the aggregate of his partnership and nonpartnership income. I.R.C. sec. 701 (1983); Ill. Rev. Stat. 1981, ch. 120, par. 2—205(b).

"If the taxpayer so elects, in the case of a taxable year beginning before August 1, 1969 and ending after July 31, 1969, there shall be taken into account in computing base income only those items earned, received, paid, incurred or accrued after July 31, 1969 ***. The election provided by this paragraph shall be made in such manner and at such time as the Department may by forms or regulations prescribe ***." Ill. Rev. Stat. 1981, ch. 120, par. 2—202(b)(2).

Plaintiffs report their Federal as well as State income on a calendar year basis which ends December 31. Each partner reported on his Illinois return his distributive share of the firm's net income for the entire fiscal year from February 1, 1969, to January 31, 1970.[3] Each also claimed a subtraction modification equal to his share of the firm's income modification of $2,095,480.76. The effect of the subtraction modification was to exclude all of the income that a partner earned between February 1 and July 31, 1969. Thus, in reporting their Illinois income for the 1969 fiscal year, Winston, Strawn as well as each partner excluded income received between February 1, 1969, and July 31, 1969.

The Department of Revenue disallowed the deduction and assessed each partner a tax deficiency. It ruled that section 2—202(b)(2) does not apply to the 1970 tax year; (2) a law firm is not a taxpayer under the Illinois Income Tax Act; and (3) Administrative Regulation section 2—202—2(e)(1) is constitutional. Section 2—202—2(e)(1) provides that:

"Partnerships are not subject to the Illinois income tax and are not taxpayers within the meaning of the Act. [See Section 205(b) and 1501(a)(23).] Accordingly, Section 202(b)[2], which provides taxpayers with alternative methods of computing net income for taxable years which begin before and include August 1, 1969, is not applicable to partnerships." Administrative Regulation sec. 2—202—2(e)(1).

The department's ruling was affirmed by the circuit court. This appeal followed. The issues presented for review are: (1) whether Administrative Regulation section 2—202—2(e)(1) is valid; (2) whether a partnership can exercise the income tax election as stated in section 2—202(b)(2); and (3) whether, pursuant to section 2—202(b)(2), an individual partner can elect to exclude his distributive share of partnership income earned before August 1, 1969. For the reasons that

---

[3]This amount was the same adjusted gross income that each partner reported on his Federal tax return.

follow, we affirm.

OPINION

Plaintiffs contend that Administrative Regulation 2—202—2(e)(1) is unreasonable because it denies a partnership the same rights as an individual taxpayer yet the partnership must compute base income (for reporting purposes) as though it were an individual. Plaintiffs assert that a partnership should therefore have the same right as an individual to make an exclusion of its pre-August 1 income. Section 2—202—2(e)(1) specifically refers to section 2—205(b) of the Income Tax Act, which in 1969 provided that:

> "A partnership as such shall not be subject to the tax imposed by this Act, but shall compute base income as it if were an individual, and shall file such returns and other information at such time and in such manner as may be required ***." Ill. Rev. Stat. 1969, ch. 120, par. 2—205(b).[4]

We find plaintiffs' reasoning unpersuasive. A partnership is not a taxpayer. A partnership serves as an entity for the purpose of calculating and filing informational returns and as a conduit through which the taxpaying obligation passes to the individual partners. The fact that a partnership computes base income as if it were an individual cannot, therefore, be construed to mean that it should have the correlative rights of an individual (nonpartner) taxpayer. To treat a partnership in this manner would be in contravention of the Income Tax Act which carefully provides for the allocation of partnership business and nonbusiness income (Ill. Rev. Stat. 1981, ch. 120, pars. 3—305(a), (b)), and it would be contrary to Illinois case law which recognizes a partnership as a contractual relationship of mutual agency which is formed to carry on a business purpose of a particular kind. (*Ramacciotti v. Simpkins* (1970), 130 Ill. App. 2d 733, 266 N.E.2d 700; *Urban v. Brady* (1967), 86 Ill. App. 2d 158, 230 N.E.2d 65.) Similar language portraying this issue is found in *United States v. Basye* (1973), 410 U.S. 441, 35 L. Ed. 2d 412, 93 S. Ct. 1080, where the Supreme Court held that "the partnership is regarded as an independently recognizable entity apart from the aggregate of its partners. Once its income is ascertained and reported, its existence may be dis-

---

[4]Section 2—205(b) of the 1981 Income Tax Act does not state that a partnership "shall compute base income as it if were an individual." Rather, it provides that the partnership "shall compute its base income as described in subsection (d) of Section 203 of this Act." Section 203(d) provides that base income for a partnership is equal to the partners' taxable income. Ill. Rev. Stat. 1981, ch. 120, pars. 2—205(b), 2—203(d).

regarded since each partner must pay a tax on a portion of the total income as if the partnership were merely an agent or conduit through which the income passed." (410 U.S. 441, 448, 35 L. Ed. 2d 412, 419, 93 S. Ct. 1080, 1085.) Additionally, we note that an administrative regulation enjoys a presumption of validity. (*People ex rel. Colletti v. Pate* (1964), 31 Ill. 2d 354, 358, 201 N.E.2d 390.) When promulgated pursuant to legislative authority, rules and regulations of administrative agencies have the force and effect of statutes (*Du-Mont Ventilating Co. v. Department of Revenue* (1977), 52 Ill. App. 3d 59, 367 N.E.2d 532) and should be set aside only when clearly arbitrary, capricious or unreasonable. *Illinois State Chamber of Commerce v. Pollution Control Board* (1977), 49 Ill. App. 3d 954, 959-60, 364 N.E.2d 631.

In our opinion, for the reasons previously set forth, plaintiffs failed to sustain their burden of showing that section 2—202—2(e)(1) is unreasonable or arbitrary. We therefore hold that the regulation is valid and that it does not entitle a partnership to the same rights and privileges as an individual taxpayer. Because of the conclusion reached on this issue, we need not consider plaintiffs' argument regarding the retroactive effect of section 202(b)(2) on Winston, Strawn.

Plaintiffs further assert that section 2—202—2(e)(1) is unconstitutional because it affords diverse treatment to individuals receiving income from proprietorships, estates, trusts and other sources and those receiving income from partnerships. We disagree. In *Thorpe v. Mahin* (1969), 43 Ill. 2d 36, 250 N.E.2d 633, the Illinois Supreme Court rejected the taxpayers' contention that the Income Tax Act unconstitutionally creates multiple classes of taxpayers (corporations, individuals, trusts and estates) and discriminates among them. In reaching its decision, the court pointed out that its earlier decisions had affirmatively acknowledged the broad power of the State legislature to create various classifications, particularly in the field of taxation. The reasons justifying the classification need not appear on the face of the statute. The classification must be upheld, therefore, if any state of facts reasonably can be conceived that would sustain it. Thus, in order to prevail on an allegation that a statute is unconstitutional, petitioner has the burden of showing that the classification is unreasonable and that the legislature has violated the constitution. (43 Ill. 2d 36, 45.) We note that these rules of statutory construction were affirmed by the supreme court in *Continental Illinois National Bank & Trust Co. v. Zagel* (1979), 78 Ill. 2d 387, 401 N.E.2d 491, which held that the presumption favoring the constitutional validity of a State's scheme of taxation may be overcome only by a clear showing that it is

arbitrary and unsupportable by any set of facts. (78 Ill. 2d 387, 409.) In the case at bar, petitioners merely assert that the statute is unreasonable because it constitutes an arbitrary classification, denies uniformity and singles out individuals who derive income from partnerships and treats them differently from other individuals. This allegation, without more, cannot overcome the strong presumption of validity that the statute carries. Moreover, as the trial court properly noted, individuals who receive income from partnerships are treated in the same manner as individuals who receive income from trusts and Subchapter S corporations. In our opinion, therefore, plaintiffs' allegation is without merit. Accordingly, they have failed to sustain their burden of proof that the challenged classification is unreasonable.

█ We next consider whether section 202(b)(2) entitles an individual partner to exclude from his taxable income his distributive share of partnership income earned prior to August 1, 1969. Plaintiffs contend that there is a distinction between when income is earned and when it is reportable and that the court's holding in *Stewart v. United States* (S.D. N.Y. 1967), 263 F. Supp. 451, refutes the erroneous equation of the two.

*Stewart* involved the calculation of a partner's quarterly estimated tax payments on his distributive share of partnership income pursuant to Internal Revenue Code section 6654.[5] The court held that a partner must pay an estimated tax on his share of partnership income regardless of whether he had the right to receive that income when the tax installment was due and further, that a partner cannot escape taxation on partnership earnings accrued at the end of the partnership year even if the earnings were undistributed. (263 F. Supp. 451, 455.) In rejecting the taxpayers' argument that the requirements of section 706(a) should be read into section 6654, the court reasoned that section 706(a) refers to the taxable income of a partner for a taxable *year*, while the applicable sections of section 6654 deal with the taxable income of a partner for the *months* in the year in which the installment is required to be paid. Section 706(a) provides that:

> "In computing the taxable income of a partner *for a taxable year*, the inclusions *** shall be based on the income, gain, loss, deduction, or credit of the partnership for any taxable year of the partnership ending within or with the taxable year

---

[5]I.R.C. sec. 6654 (1983), "Failure by Individual to Pay Estimated Income Tax." We discuss the general applicability of the Internal Revenue Code to the Illinois Income Tax Act in the ensuing portion of this opinion.

of the partner." I.R.C. sec. 706(a) (1983). (Emphasis added.)

*Stewart* is clearly distinguishable from the case at bar. There, the partners made quarterly estimated income tax payments on the basis of a reasonable expectation of their share of partnership income. In the instant case, plaintiffs report their share of partnership income once a year, on a calendar basis. That case, therefore, cannot be used to discredit the applicability of section 706(a) to the facts before us. Section 706(a) determines that a partner who reports income on a calendar year basis must report his distributive share of the partnership income in his individual return for his taxable year within or with which the partnership's taxable year ends. It does not matter when, if ever, the partner actually receives his share of the partnership income for that year (*United States v. Basye* (1973), 410 U.S. 441, 35 L. Ed. 2d 412, 93 S. Ct. 1080; *Bell v. Commissioner of Internal Revenue* (5th Cir. 1955), 219 F.2d 442), nor does it matter that the partner and the partnership are not on the same accounting basis (*Truman v. United States* (N.D. Ill. 1933), 4 F. Supp. 447). The fact that Winston, Strawn distributed income to plaintiffs prior to August 1, 1969, is therefore irrelevant.

Plaintiffs contend further that they should be permitted to take advantage of the income election of section 2—202(b)(2) because the legislature did not intend to retroactively tax income earned or realized prior to August 1, 1969. A literal reading of section 2—202(b)(2) would, at least initially, appear to support plaintiffs' argument. That section provides that "*** in the case of a taxable year beginning before August 1, 1969, and ending after July 31, 1969, there shall be taken into account in computing base income only those items earned, received, paid, incurred or accrued after July 31, 1969 ***." The principle difficulty with plaintiffs' construction, however, is that it disregards the fact that the legislature intended to follow the concepts of Federal income tax statutes. The official commentary of the Illinois Income Tax Act states:

> "The Illinois Income Tax Act is designed to impose a constitutional flat rate tax in respect of income earned or received in or by a resident of the State of Illinois.
>
>                      * * *
>
> In the interest of simplicity and understanding, the computation of the tax base begins with certain amounts which are required to be developed and set forth in the preparation of the taxpayer's federal income tax return, and then goes on to provide for such additions, subtractions, exemptions and allocations as are deemed necessary or appropriate in order to arrive

at an amount properly taxable by the State of Illinois.

*A tax premised on the Internal Revenue Code concepts will greatly facilitate economical administration of the Act, as well as its comprehension,* by providing an instant and highly developed body of law for the characterization of the items to be taken into account in the computation of the tax base, and by providing the State with access to meaningful audit information gathered by the federal government in its review of federal income tax returns. \*\*\*

The tax imposed by the Act falls on every individual, corporation, trust and estate deriving income in or from Illinois for each taxable year ending after July 31, 1969. In order to avoid retroactive taxation of income earned or received prior to the August 1, 1969 effective date, provision is made for prorating income for any taxable year which begins before August 1, 1969 but ends on or after such date." (Emphasis added.) 1 CCH State Tax Reporter, Illinois, at 1901.

The official commentary is persuasive evidence that the legislature intended to follow the Federal scheme in taxing partners and computing a partnership's base income. A discussion of the rationale and method for doing this is contained in *Appeals of Mills* (1926), 3 B.T.A. 1245, where the court reasoned that:

"In enacting the provisions of the [statute], Congress gave recognition to the situation where the accounting periods of the partners do not coincide with that of the partnership, and it was necessary to specify the time as of which the partners should account for their distributive shares in the net income of the partnership. \*\*\*

\*\*\* In recognizing a partnership for accounting purposes, Congress realized that *until the close of the partnership's accounting period it cannot be determined whether or not the partnership has any net income.* The earnings of the earlier months may be entirely eliminated by losses sustained in the closing months of the partnership's accounting period, even to the extent of showing a net loss for the entire accounting period. Under such circumstances, it could not be said that distributions during the first months of the partnership's accounting period constitute income to the partners when the operations of the entire accounting period show that the partnership sustained a loss. \*\*\* [The statute] conveys but one meaning, and that is that a partner must report as income his proportion of the net income of the partnership for its accounting period

which Congress has recognized for 12 months ending within his fiscal or calendar year. *Under the language of this section it is immaterial when and how the partner's share of the net income of the partnership is reduced to his possession."* (Emphasis added.) 3 B.T.A. 1245, 1250-51.

■■ The court's reasoning in *Mills* was followed in *Girard Trust Co. v. United States* (3d Cir. 1950), 182 F.2d 921, where the court stated that:

"[W]e have not overlooked the argument stressed by the government that partners earn income as it comes into the partnership business. That is beside the point. 'Circumstances wholly fortuitous may determine the year in which income, whenever earned, is taxable.' [Citations.] Congress has not seen fit to tax partnership income as earned but rather as if each partner's earning[s] occurred periodically *at the end of each taxable year of the partnership."* (Emphasis added.) (182 F.2d 921, 925.)

Our research has failed to disclose any cases that rebut the holdings that are enunciated in either of the foregoing decisions. We therefore find that each plaintiff's distributive share of partnership income is considered to have been earned at the end of the partnership's taxable year. Accordingly, an individual partner who reports his income on a calendar year basis is taxable on his share of the net profits of the partnership for the entire fiscal year ending within his calendar year, without regard to the time the income was distributed. Plaintiffs are therefore obligated to pay Illinois State income tax on their distributive share of income for the entire calendar year, including income earned between February 1 and July 31, 1969.

Finally, we note that our ruling today is limited to the facts of this case, particularly because plaintiffs are members of an entity (partnership) which is expressly excepted from the exemption found in section 2—202(b)(2). Moreover, because section 2—202(b)(2) pertains to taxable income for 1969, the passage of time will serve to lessen the likelihood that future actions will be filed pursuant to this statute.

For the foregoing reasons, the trial court's judgment is affirmed.

Affirmed.

SULLIVAN and MEJDA, JJ., concur.